**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5119**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERMOLL BURT,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00213-1)

Submitted: March 29, 2010        Decided: April 21, 2010

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant. Erik S. Goes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermoll Burt pled guilty, pursuant to a written plea agreement, to conspiracy to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006). The district court calculated Burt's advisory Guidelines imprisonment range under the U.S. Sentencing Guidelines Manual (2007) at seventy-eight to ninety-seven months' imprisonment, but granted a downward variance and imposed a seventy-two month sentence.

On appeal, Burt's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal. Burt was advised of his right to file a pro se supplemental brief and, despite several extensions of time, has not done so. The Government declined to file a brief and does not seek to enforce the plea agreement's appeal waiver.[*] Finding no reversible error, we affirm.

Burt does not challenge the district court's denial of his pre-sentencing motion to withdraw his guilty plea. Therefore, our review is for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We

---

[*] Because the Government fails to assert the appellate waiver contained in Burt's plea agreement, we may conduct an Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

closely scrutinize the Fed. R. Crim. P. 11 colloquy and attach a strong presumption that the plea is final and binding, after determining that the Rule 11 hearing was adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis, and that Burt entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996). Finding that the Rule 11 hearing was adequate and that Burt failed to overcome the presumption that his plea is final and binding, we conclude the district court did not abuse its discretion in denying the motion to withdraw his guilty plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (listing factors to consider when addressing motion to withdraw plea).

Turning to Burt's sentence, we review it for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The district court correctly calculated the advisory Guidelines range and heard argument from the parties on the appropriate sentence and allocution from Burt. The court considered the relevant 18 U.S.C. § 3553(a) (2006) factors, addressing on the record the nature and circumstances of the offense, Burt's history and characteristics, Burt's request for a downward variance

considering he had served a 169-day sentence for a state conviction arising out of an offense that occurred during the federal conspiracy, and the need to impose a sentence that was sufficient, but not greater than necessary to meet the sentencing goals. We find no error by the district court in calculating Burt's Guidelines range. See Gall, 552 U.S. at 51 (providing standard of review). Furthermore, the district court's statements at the sentencing hearing clearly reflect a valid and individualized assessment under § 3553(a) and justify the sentence imposed. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009); United States v. Pauley, 511 F.3d 468, 473-75 (4th Cir. 2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Burt's conviction and sentence. This court requires that counsel inform Burt, in writing, of the right to petition the Supreme Court of the United States for further review. If Burt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED